IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHALAN MONTREZE
GRAHAM, a/k/a RAY
ANTHONY GRAHAM                                                  PETITIONER

VS.                                        CIVIL ACTION NO. 3:21-cv-379-DPJ-FKB

BILLY SOLLIE                                                    RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner, Shalan Montreze Graham, is a pretrial detainee currently being held in the Lauderdale County Detention Center on charges of armed robbery, aggravated assault, and two counts of felon-in-possession of a firearm. In his petition, he requests that the charges against him be dismissed and that he be released. Presently before the Court is Respondent's motion to dismiss. [7]. Graham has not responded to the motion.

Graham was arrested on December 20, 2019, and booked into the Lauderdale County Detention Center. [7-1]. A preliminary hearing was held on January 6, 2020, and bond was set. [7-4]. At the time of his arrest, Graham was on post-release supervision for a conviction in Kemper County, and on January 7, 2020, a warrant was issued out of Kemper County for a violation of his post-release supervision. [7-5]. On January 23, 2020, his post-release supervision was revoked, and he was sentenced to serve two years and 364 days. [7-7]. In December of 2020, he was paroled and released to Lauderdale County on a detainer for the charges there. [7-9]. Since then, he has been in the custody of Lauderdale County, awaiting indictment.

In his petition, he argues that he should be released because of the length of time he has been held and because he is innocent. He makes no request to enforce his right to a speedy trial.

While a state court detainee may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial, he may not seek dismissal of state charges and release based upon his right to a speedy trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). A pretrial detainee is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. Thus, Graham's request for dismissal of the charges against him and release fails to state a claim under § 2241.

To the extent that Graham is seeking to force the state to indict him and bring him to trial, that claim fails, as it does not appear that he has exhausted his state court remedies. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (judicially-crafted exhaustion requirement applies to § 2241).[1]

For these reasons, the undersigned recommends that Graham's claim for dismissal of his state court charges be dismissed for failure to state a claim, and that any claim to enforce his right to a speedy trial be dismissed for failure to exhaust state remedies.

---

[1] Graham states in his petition that he filed a speedy trial motion in July of 2020. [1] at 6. This motion does not appear in the state court record filed by Respondent. *See* [8]. Those records do show that on May 6, 2021, Graham, through his attorney, filed in the trial court a petition for a writ of habeas corpus, requesting release or a reduction in his bond. [8-1] at 1. In any event, Respondent states that a search of the records of the appellate courts of Mississippi produce no record of any appeal concerning Graham's pretrial detention.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of October, 2021.

s/ F. Keith Ball<br>United States Magistrate Judge