UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHALAN MONTREZE GRAHAM                                                                PETITIONER

V.                                                                 CIVIL ACTION NO. 3:21-CV-379-DPJ-FKB

BILLY SOLLIE                                                                                    RESPONDENT

ORDER

This action for habeas relief under 28 U.S.C. § 2241 is before the Court on the Report and Recommendation [10] of United States Magistrate Judge F. Keith Ball.  Petitioner Shalan Montreze Graham is a pretrial detainee being held in the Lauderdale County Detention Center on charges of armed robbery, aggravated assault, and two counts of felon in possession of a firearm.  He asks the Court to dismiss the charges against him and release him.  R&R [10] at 1.  He also challenges the length of his confinement and contends he is innocent.  *Id.* at 2.

Judge Ball, after considering Respondent Billy Sollie's motion to dismiss, concluded that Graham's request for dismissal of the state charges and release fails to state a claim under § 2241.  *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)); *see id.* (noting that state-court detainee may raise speedy-trial claim but that Graham made "no request to enforce his right to a speedy trial").  Judge Ball further found that, to the extent Graham is seeking to force the state to indict him and bring him to trial, "it does not appear that he has exhausted his state court remedies." *Id.*

Graham filed an Objection [11]; Sollie responded [12]; and Graham filed a reply [13].  In his filings, Graham admits that he has now been indicted.  On October 6, 2021, two separate indictments were filed against Graham; he was arraigned on October 15, 2021; and he is set for trial on the charges on February 8, 2022.

Despite Judge Ball's explanation that dismissal of state charges is not an available remedy, Graham continues to contest the merits of the indictments, asks for dismissal of the charges, and maintains his innocence. *See* R&R [10] at 2; Obj. [11] at 2 ("I'm still requesting that charges against me are dismissed."); Reply [13] at 2 ("[M]y innocence should be seen and heard."). The Court agrees with and adopts Judge Ball's conclusion that Graham is "not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" R&R [10] at 2 (quoting *Brown*, 530 F.2d at 1283).

As for the exhaustion issue, Graham states, "I filed for speedy trial twice while I was in Central Mississippi Correctional Facility to the Justice and Circuit Courts." Obj. [11] at 2; *see also id.* ("A habeas was filed on my behalf through the state May 6, 2021 and was denied by [Circuit Court] Judge Charles Wright."). But, as Judge Ball pointed out, there is no indication Graham pursued this relief on appeal. R&R [10] at 2; *see id.* at 2 n.1; *see also Smith v. Dretke*, 422 F.3d 269, 275 (5th Cir. 2005) ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."). Judge Ball properly recommended dismissal of any claim by Graham to enforce his right to a speedy trial for failure to exhaust state remedies.

For the reasons stated, the Report and Recommendation [10] is adopted as the opinion of the Court. Defendant's motion to dismiss [7] is granted; the Petition [1] is dismissed.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2021.

                                       s/ *Daniel P. Jordan III*
                                       CHIEF UNITED STATES DISTRICT JUDGE